# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**JIM FARRIS, Warden,** )<br>)<br>Respondent. ) | **CIV-21-281-RAW-KEW** |

## OPINION AND ORDER

Petitioner, a pro se state prisoner, has filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for First Degree Murder in Choctaw County District Court Case No. CRF-1981-83 (Dkt. 1). He raises four grounds for relief:

    I.    Petitioner was charge under the wrongful juridiction. The State of Oklahoma have no juridictional over the Choctaw Indian Reservation of the United States Government. Petitioner must be charged in federal jurisdiction.

    II.    Petitioner was arrested on Indian reservation land and reservation is what the Choctaw Indian live on is the tribe and the federal jurisdiction landmark.

    III.    There was no probable cause to arrest Petitioner on the Choctaw Indian Reservation land. Petition was arrissted without arrest warrant to show probable cause in warrant affidavitt.

    IV.    Petitioner being held in violation of the Constitution law or treaties of the United States of the Government.

(Dkt. 1 at 5, 7, 8, 10) (spelling and syntax in original).

The record shows that Petitioner repeatedly has challenged his conviction and

sentence in the federal courts. His first habeas corpus petition was dismissed for failure to exhaust state court remedies, *White v. Ward*, No. CIV 95-607-FHS (E.D. Okla. Mar. 12, 1997), and his second petition was dismissed as barred by the statute of limitations, *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003), *aff'd*, No. 03-7054 (10th Cir. Oct. 22, 2003). Petitioner also has filed the following second or successive § 2254 habeas petitions in this Court: *White v. Workman*, No. CIV 12-001-RAW-KEW (E.D. Okla. Jan. 12, 2012); *White v. Workman*, No. CIV 12-071-RAW-KEW (E.D. Okla. Feb. 24, 2012), *certificate of appealability denied*, Nos. 12-7015 & 12-7023 (10th Cir. May 23, 2012); *White v. Workman*, No. CIV 12-196-FHS-KEW (E.D. Okla. June 13, 2012); *White v. Workman*, CIV 12-306-RAW (E.D. Okla. July 17, 2012); *White v. Trammel*, No. CIV 13-185-RAW-KEW (E.D. Okla. May 16, 2013); *White v. Allbaugh*, No. CIV 19-080-JHP-KEW (E.D. Okla. Apr. 19, 2019), *authorization for second or successive petition denied*, No. 19-7026 (10th Cir. May 21, 2019); *White v. Crow*, CIV 20-116-RAW-KEW (E.D. Okla. July 14, 2020), *appeal docketed*, No. 20-7036 (10th Cir. July 20, 2020); *White v. Farris*, No. CIV 20-371-JFH-KEW (Dec. 22, 2020); and *White v. Farris*, No. CIV 21-108-RAW-KEW (Oct. 28, 2021). In addition, the United States District Court for the Western District of Oklahoma has dismissed at least one of Petitioner's habeas corpus petitions challenging his conviction and sentence, finding it was second or successive. *White v. Yates*, No. CIV-18-1072-R (W.D. Okla. Jan. 3, 2019).

Further, the Tenth Circuit Court of Appeals denied Petitioner eighth motion for

authorization to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b) in Case No. 20-7068 (10th Cir. Dec. 2, 2020) with the following warning:

> [I]f Mr. White files a future motion for authorization concerning this same underlying conviction or sentence in which he presents arguments in favor of authorization substantially similar to those presented in this or any of his previous motions for authorization, the Clerk shall dismiss the motion for authorization without further notice.

*Id.*, slip op. at 2.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).

Here, the Court finds the "interest of justice" does not warrant transfer, because Petitioner has repeatedly been advised of the necessity of the required authorization. Further, he states in his petition that he has not exhausted his state court remedies because they are based on newly-discovered evidence. *See* 28 U.S.C. § 2254(b)(1)(A) (providing federal habeas courts generally may not grant relief unless petitioner has exhausted available state remedies); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). For these reasons, the Court concludes that dismissal without prejudice, instead of transfer, is appropriate.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and Petitioner is DENIED a certificate of appealability. All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 2nd day of November, 2021.

_____
Honorable Ronald A. White
United States District Judge
Eastern District of Oklahoma